UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| NICOLAS GUAMAN URENA,<br>*Petitioner,*<br>v.<br>Ken Genalo, New York Field Office Director, Enforcement and Removal Operations, U.S. Immigration and Customs Enforcement, et al.<br>*Respondents.* | No. 26-cv-1851 (SJB)<br><br>DECLARATION OF DETENTION AND DEPORTATION OFFICER |

Pursuant to 28 U.S.C. § 1746, I, Brenden Cuni, hereby declare under penalty of perjury that the following is true and correct:

1. I am a Supervisory Detention and Deportation Officer ("SDDO") at U.S. Immigration and Customs Enforcement ("ICE") within the U.S. Department of Homeland Security ("DHS"). I have served in this capacity since December 2024. As an SDDO, I supervise ICE Deportation Officers at the New York City Field Office at the 201 Varick Street location. As an SDDO, I am familiar with certain DHS procedures relating to the processing, removal, detention, and parole of aliens.

2. I have access to the electronic records and databases that are maintained by DHS and ICE in the ordinary course of business. These records and databases were prepared at or near the time of events detailed therein and were prepared by individuals who either had personal knowledge of the information contained therein or were provided with information from an individual with personal knowledge of that information.

3. I have prepared this declaration based on my review of these records and databases, my personal involvement in and knowledge of the arrest, and my conversations with the arresting officers.

4. Tito Nicolas Guaman Urena ("Petitioner") is a native and citizen of Ecuador and has been assigned alien number 206 058 935. DHS records state that Petitioner entered the United States at an unknown date, place, and time, without inspection.

5. On March 18, 2026, I was conducting surveillance operations with other ICE officers, targeting an individual (the "Target"), who was not the Petitioner, in Irvington, New Jersey. At approximately 6:45 p.m., while conducting surveillance for the Target outside of his known address at 1288 Springfield Avenue, Irvington, New Jersey, ICE officers observed a male exit a Honda CRV, with the New Jersey license plate of V91-VGL. The individual had the same physical build and likeness as the Target. ICE officers contacted the Law Enforcement Support Center who verified that the observed vehicle was registered to the Petitioner. Database checks conducted in the field then verified that Petitioner was born in Ecuador, did not have a legal entry into the United States, and lacked legal status to remain in the United States. ICE officers then obtained a signed I-200, Warrant of Arrest for Petitioner. *See* Exhibit A.

6. Petitioner subsequently got back into his vehicle and began to drive away from the Target's address. ICE officers followed Petitioner's vehicle and, at approximately 6:55 p.m., near the intersection of Lyons Avenue and Nesbit Terrace, in Irvington, New Jersey, conducted a vehicle stop. ICE officers activated their emergency lights, pulled over Petitioner's vehicle, approached it, and identified themselves as "Police" in both English and Spanish while clearly displaying their law enforcement badges. Petitioner became combative, failed

to adhere to ICE officers' commands, and attempted to utilize his vehicle as a weapon in an attempt to hit the officers and avoid arrest. Once Petitioner started backing his vehicle toward ICE officers, ICE officers drew their weapons and directed Petitioner to stop the car, show them his hands, and get out of the vehicle. Petitioner ignored the ICE officers' commands. ICE officers proceeded to use a window punch and broke Petitioner's left rear driver's side window to gain control of the situation, but Petitioner was nonetheless able to flee the scene in his vehicle.

7. ICE officers conducted surveillance to attempt to locate Petitioner. At approximately 7:00 p.m., ICE officers were able to re-locate Petitioner's vehicle and made a second vehicle stop on the exit ramp of 142A on the Garden State Parkway in Union, New Jersey. ICE officers activated their emergency lights, again pulled over Petitioner's vehicle, approached it and identified themselves as "Police" in both English and Spanish while clearly displaying their law enforcement badges. Petitioner again became combative, failed to adhere to ICE officers' commands and again attempted to utilize his vehicle as a weapon to avoid arrest. ICE officers were able to utilize a window punch to break Petitioner's left front side driver's window to gain control of the situation.

8. At no time during either of the traffic stops did any ICE officer fire a weapon.

9. At approximately 7:05 p.m., ICE officers placed Petitioner under arrest pursuant to a signed I-200 and took Petitioner into custody. ICE officers thereafter transported Petitioner to 26 Federal Plaza, New York, New York, for processing.

10. During processing at 26 Federal Plaza, on March 18, 2026, ICE officers reviewed ICE electronic records and databases to confirm the record checks previously conducted in the field that had revealed Petitioner's alienage and that Petitioner had no evidence of lawful

immigration status in the United States. ICE also confirmed Petitioner has no pending applications filed with U.S. Citizenship and Immigration Services.

11. ICE officers reviewed law enforcement databases which indicated Petitioner had a criminal history, including an arrest on January 22, 2008 by the Irvington Police Department, where Petitioner was charged with the following offenses: violation of Title 2C of the New Jersey Code of Criminal Justice, Section 2C:12-3 Terroristic threats and Section 2C:12-1A(3) Simple assault. On May 15, 2008, both of these violations were dismissed. Petitioner was also arrested on August 2, 2010, by Irvington Police Department where Petitioner was charged with violating Section 2C:12-1 Assault, which was dismissed on November 16, 2010.

12. On March 18, 2026, after processing at 26 Federal Plaza, ICE officers served Petitioner with the I-200 Warrant of Arrest and a Form I-862, Notice to Appear ("NTA"), charging him as inadmissible under INA § 212(a)(6)(A)(i), 8 U.S.C. § 1182(a)(6)(A)(i), as an alien present in the U.S. without being admitted or paroled. *See* Exhibit B.

13. On the same date, March 18, 2026, the NTA was served on the Executive Office for Immigration Review ("EOIR"), thereby commencing removal proceedings against Petitioner. Petitioner's initial master calendar hearing was listed on the NTA for April 28, 2026, but upon filing of the NTA with EOIR, the Immigration Court advanced the initial master calendar hearing to tomorrow, March 31, 2026.

14. On March 19, 2026, Petitioner was transferred to Brooklyn Metropolitan Detention Center, where he currently remains detained under INA § 235(b)(2)(A), 8 U.S.C. § 1225(b)(2)(A), as an alien who has not been admitted or paroled into the United States.

I declare under penalty of perjury that the foregoing is true and correct.

Executed at North Arlington, New Jersey
This 30th day of March, 2026

BRENDEN C CUNI

Digitally signed by BRENDEN C CUNI
Date: 2026.03.30 17:20:47 -04'00'

Brenden C. Cuni
Supervisory Detention and Deportation Officer
U.S. Immigration and Customs Enforcement
U.S. Department of Homeland Security

# Exhibit A

U.S. DEPARTMENT OF HOMELAND SECURITY — Warrant for Arrest of Alien

File No. 206058935

Date: 3/18/26

To: **Any immigration officer authorized pursuant to sections 236 and 287 of the Immigration and Nationality Act and part 287 of title 8, Code of Federal Regulations, to serve warrants of arrest for immigration violations**

I have determined that there is probable cause to believe that Tito GUAMAN is removable from the United States. This determination is based upon:

☐ the execution of a charging document to initiate removal proceedings against the subject;

☐ the pendency of ongoing removal proceedings against the subject;

☐ the failure to establish admissibility subsequent to deferred inspection;

☒ biometric confirmation of the subject's identity and a records check of federal databases that affirmatively indicate, by themselves or in addition to other reliable information, that the subject either lacks immigration status or notwithstanding such status is removable under U.S. immigration law; and/or

☒ statements made voluntarily by the subject to an immigration officer and/or other reliable evidence that affirmatively indicate the subject either lacks immigration status or notwithstanding such status is removable under U.S. immigration law.

**YOU ARE COMMANDED** to arrest and take into custody for removal proceedings under the Immigration and Nationality Act, the above-named alien.

[signature]
(Signature of Authorized Immigration Officer)

B9583 CUNI - SDDO
(Printed Name and Title of Authorized Immigration Officer)

**Certificate of Service**

I hereby certify that the Warrant for Arrest of Alien was served by me at Union, New Jersey (Location) on Tito Guaman (Name of Alien) on 03/18/26 (Date of Service), and the contents of this notice were read to him or her in the Spanish (Language) language.

DoArcyPina [signature] 11995
Name and Signature of Officer

Name or Number of Interpreter (if applicable)

# Exhibit B

DEPARTMENT OF HOMELAND SECURITY

# NOTICE TO APPEAR

DOB: 02/04/1976

Event No: VRK2603000063

**In removal proceedings under section 240 of the Immigration and Nationality Act:**

Subject ID: 401826392

In the Matter of: FINS: 1156491107 File No: 206 058 935

Respondent: TITO NICOLAS GUAMAN URENA currently residing at:

110 Wells Farm Rd Goshen, NEW YORK 109246740 (973) 760-6376

(Number, street, city, state and ZIP code) (Area code and phone number)

☐ You are an arriving alien.

☒ You are an alien present in the United States who has not been admitted or paroled.

☐ You have been admitted to the United States, but are removable for the reasons stated below.

The Department of Homeland Security alleges that you:

1. You are not a citizen or national of the United States;
2. You are a native of ECUADOR and a citizen of ECUADOR;
3. You entered the United States at or near UNKNOWN, on or about unknown date;
4. You were not then admitted or paroled after inspection by an Immigration Officer.
5. At that time you arrived at a time or place other than as designated by the Attorney General.

On the basis of the foregoing, it is charged that you are subject to removal from the United States pursuant to the following provision(s) of law:

212(a)(6)(A)(i) of the Immigration and Nationality Act, as amended, in that you are an alien present in the United States without being admitted or paroled, or who arrived in the United States at any time or place other than as designated by the Attorney General.

☐ This notice is being issued after an asylum officer has found that the respondent has demonstrated a credible fear of persecution or torture.

☐ Section 235(b)(1) order was vacated pursuant to: ☐ 8CFR 208.30 ☐ 8CFR 235.3(b)(5)(iv)

YOU ARE ORDERED to appear before an immigration judge of the United States Department of Justice at:

201 VARICK ST, 5TH FL RM 507, NEW YORK, NEW YORK 10014. NEW YORK VARICK

*(Complete Address of Immigration Court, including Room Number, if any)*

on April 28, 2026 *(Date)* at 8:30 am *(Time)* to show why you should not be removed from the United States based on the charge(s) set forth above.

B9583 CUNI - SDDO BRENDEN C CUNI Digitally signed by BRENDEN C CUNI Date: 2026.03.18 22:16:45 -04'00'

*(Signature and Title of Issuing Officer)*

Date: March 18, 2026 New York, NY

*(City and State)*

## Notice to Respondent

**Warning:** Any statement you make may be used against you in removal proceedings.

**Alien Registration:** This copy of the Notice to Appear served upon you is evidence of your alien registration while you are in removal proceedings. You are required to carry it with you at all times.

**Representation:** If you so choose, you may be represented in this proceeding, at no expense to the Government, by an attorney or other individual authorized and qualified to represent persons before the Executive Office for Immigration Review, pursuant to 8 CFR 1003.16. Unless you so request, no hearing will be scheduled earlier than ten days from the date of this notice, to allow you sufficient time to secure counsel. A list of qualified attorneys and organizations who may be available to represent you at no cost will be provided with this notice.

**Conduct of the hearing:** At the time of your hearing, you should bring with you any affidavits or other documents that you desire to have considered in connection with your case. If you wish to have the testimony of any witnesses considered, you should arrange to have such witnesses present at the hearing. At your hearing you will be given the opportunity to admit or deny any or all of the allegations in the Notice to Appear, including that you are inadmissible or removable. You will have an opportunity to present evidence on your own behalf, to examine any evidence presented by the Government, to object, on proper legal grounds, to the receipt of evidence and to cross examine any witnesses presented by the Government. At the conclusion of your hearing, you have a right to appeal an adverse decision by the immigration judge. You will be advised by the immigration judge before whom you appear of any relief from removal for which you may appear eligible including the privilege of voluntary departure. You will be given a reasonable opportunity to make any such application to the immigration judge.

**One-Year Asylum Application Deadline:** If you believe you may be eligible for asylum, you must file a Form I-589, Application for Asylum and for Withholding of Removal. The Form I-589, Instructions, and information on where to file the Form can be found at www.uscis.gov/i-589. Failure to file the Form I-589 within one year of arrival may bar you from eligibility to apply for asylum pursuant to section 208(a)(2)(B) of the Immigration and Nationality Act.

**Failure to appear:** You are required to provide the Department of Homeland Security (DHS), in writing, with your full mailing address and telephone number. You must notify the Immigration Court and the DHS immediately by using Form EOIR-33 whenever you change your address or telephone number during the course of this proceeding. You will be provided with a copy of this form. Notices of hearing will be mailed to this address. If you do not submit Form EOIR-33 and do not otherwise provide an address at which you may be reached during proceedings, then the Government shall not be required to provide you with written notice of your hearing. If you fail to attend the hearing at the time and place designated on this notice, or any date and time later directed by the Immigration Court, a removal order may be made by the immigration judge in your absence, and you may be arrested and detained by the DHS.

**Mandatory Duty to Surrender for Removal:** If you become subject to a final order of removal, you must surrender for removal to your local DHS office, listed on the internet at http://www.ice.gov/contact/ero, as directed by the DHS and required by statute and regulation. Immigration regulations at 8 CFR 1241.1 define when the removal order becomes administratively final. If you are granted voluntary departure and fail to depart the United States as required, fail to post a bond in connection with voluntary departure, or fail to comply with any other condition or term in connection with voluntary departure, you must surrender for removal on the next business day thereafter. If you do not surrender for removal as required, you will be ineligible for all forms of discretionary relief for as long as you remain in the United States and for ten years after your departure or removal. This means you will be ineligible for asylum, cancellation of removal, voluntary departure, adjustment of status, change of nonimmigrant status, registry, and related waivers for this period. If you do not surrender for removal as required, you may also be criminally prosecuted under section 243 of the Immigration and Nationality Act.

U.S. Citizenship Claims: If you believe you are a United States citizen, please advise the DHS by calling the ICE Law Enforcement Support Center toll free at (855) 448-6903.

**Sensitive locations:** To the extent that an enforcement action leading to a removal proceeding was taken against Respondent at a location described in 8 U.S.C. § 1229(e)(1), such action complied with 8 U.S.C. § 1367.

## Request for Prompt Hearing

To expedite a determination in my case, I request this Notice to Appear be filed with the Executive Office for Immigration Review as soon as possible. I waive my right to a 10-day period prior to appearing before an immigration judge and request my hearing be scheduled.

Before:

_______________________ *(Signature of Respondent)*

_______________________ *(Signature and Title of Immigration Officer)*

Date: ____________

## Certificate of Service

This Notice To Appear was served on the respondent by me on March 18, 2026, in the following manner and in compliance with section 239(a)(1) of the Act.

☒ in person ☐ by certified mail, returned receipt # __________ requested ☐ by regular mail

☐ Attached is a credible fear worksheet.

☒ Attached is a list of organization and attorneys which provide free legal services.

The alien was provided oral notice in the SPANISH language of the time and place of his or her hearing and of the consequences of failure to appear as provided in section 240(b)(7) of the Act.

[signature] *(Signature of Respondent if Personally Served)*

[signature] R 11995 AUCAPINA - Deportation Officer *(Signature and Title of officer)*

## Privacy Act Statement

**Authority:**

The Department of Homeland Security through U.S. Immigration and Customs Enforcement (ICE), U.S Customs and Border Protection (CBP), and U.S. Citizenship and Immigration Services (USCIS) are authorized to collect the information requested on this form pursuant to Sections 103, 237, 239, 240, and 290 of the Immigration and Nationality Act (INA), as amended (8 U.S.C. 1103, 1229, 1229a, and 1360), and the regulations issued pursuant thereto.

**Purpose:**

You are being asked to sign and date this Notice to Appear (NTA) as an acknowledgement of personal receipt of this notice. This notice, when filed with the U.S. Department of Justice's (DOJ) Executive Office for Immigration Review (EOIR), initiates removal proceedings. The NTA contains information regarding the nature of the proceedings against you, the legal authority under which proceedings are conducted, the acts or conduct alleged against you to be in violation of law, the charges against you, and the statutory provisions alleged to have been violated. The NTA also includes information about the conduct of the removal hearing, your right to representation at no expense to the government, the requirement to inform EOIR of any change in address, the consequences for failing to appear, and that generally, if you wish to apply for asylum, you must do so within one year of your arrival in the United States. If you choose to sign and date the NTA, that information will be used to confirm that you received it, and for recordkeeping.

**Routine Uses:**

For United States Citizens, Lawful Permanent Residents, or individuals whose records are covered by the Judicial Redress Act of 2015 (5 U.S.C. § 552a note), your information may be disclosed in accordance with the Privacy Act of 1974, 5 U.S.C. § 552a(b), including pursuant to the routine uses published in the following DHS systems of records notices (SORN): DHS/USCIS/ICE/CBP-001 Alien File, Index, and National File Tracking System of Records, DHS/USCIS-007 Benefit Information System, DHS/ICE-011 Criminal Arrest Records and Immigration Enforcement Records (CARIER), and DHS/ICE-003 General Counsel Electronic Management System (GEMS), and DHS/CBP-023 Border Patrol Enforcement Records (BPER). These SORNs can be viewed at https://www.dhs.gov/system-records-notices-sorns. When disclosed to the DOJ's EOIR for immigration proceedings, this information that is maintained and used by DOJ is covered by the following DOJ SORN: EOIR-001, Records and Management Information System, or any updated or successor SORN, which can be viewed at https://www.justice.gov/opcl/doj-systems-records. Further, your information may be disclosed pursuant to routine uses described in the abovementioned DHS SORNs or DOJ EOIR SORN to federal, state, local, tribal, territorial, and foreign law enforcement agencies for enforcement, investigatory, litigation, or other similar purposes.

For all others, as appropriate under United States law and DHS policy, the information you provide may be shared internally within DHS, as well as with federal, state, local, tribal, territorial, and foreign law enforcement; other government agencies; and other parties for enforcement, investigatory, litigation, or other similar purposes.

**Disclosure:**

Providing your signature and the date of your signature is voluntary. There are no effects on you for not providing your signature and date; however, removal proceedings may continue notwithstanding the failure or refusal to provide this information.